Eric Glatt, No. 1511098
Tara A. Rich*
Joshua A. Decker, No. 1201001
ACLU OF ALASKA FOUNDATION
1057 W. Fireweed Lane, Ste. 207
Anchorage, AK 99503
(907) 258-0044
*eglatt@acluak.org*

Susan Orlansky, No. 8106042
SENIOR COUNSEL, ACLU OF ALASKA FOUNDATION
c/o REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7117
*susano@reevesamodio.com*

Attorneys for Plaintiffs

* Motion to admit *pro hac vice* forthcoming.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| **Lance Hunt, Iris Fontana, and Elise Boyer**<br><br>Plaintiffs,<br><br>v.<br><br>**Kenai Peninsula Borough,**<br><br>Defendant. | No. 3:17-cv-00007-SLG |

## Amended Complaint for Declaratory and Injunctive Relief

### INTRODUCTION

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG  January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief  Page 1 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 1 of 13

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

1. The separation of church and state is a core principle of Alaskan and American democracy, as are free speech and equal protection under the law. These principles are plainly and broadly expressed in the Alaska Constitution. They are among the cornerstones of our form of self-government.

2. The Kenai Peninsula Borough Assembly recently enacted Resolution 2016-056, which violates these core principles. A copy is attached as Exhibit A. The Resolution unconstitutionally prohibits some members of the public from giving invocations before Borough Assembly meetings.

3. Ever since the First Continental Congress convened in September 1774, "one of [the] purposes, and presumably one of [the] effects," of legislative invocations, "was not to divide, but to unite." *Town of Greece, N.Y. v. Galloway*, 134 S. Ct. 1811, 1833 (2014) (Alito, J., concurring).

4. In contrast, the Assembly has unambiguously—and unconstitutionally—decreed who may and may not offer invocations before its meetings. The Resolution divides, rather than unites, the residents of the Kenai Peninsula Borough.

5. The Plaintiffs in this case, Lance Hunt, Iris Fontana, and Elise Boyer are victims of this divisive policy; the Resolution's

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG            January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief                    Page 2 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 2 of 13

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

restrictions prohibited each from giving a public invocation. These restrictions impair the constitutional rights of Borough residents like Mr. Hunt, Ms. Fontana, and Ms. Boyer by controlling how residents may avail themselves of an honored opportunity to speak in public and by denying some residents the ability to share equally in the civic life of the Borough.

6. The court should declare the Assembly's Resolution unconstitutional and enjoin the Assembly from following it.

## JURISDICTION AND VENUE

7. This is a complaint for declaratory and injunctive relief brought pursuant to AS 22.10.020 and Alaska Civil Procedure Rule 57.

8. This court has jurisdiction over the parties and over the subject matter of this dispute pursuant to AS 09.05.015 and AS 22.10.020.

9. Venue in this court is proper because the acts complained of occurred within the Third Judicial District pursuant to Alaska Rule of Civil Procedure 3(c).

## PARTIES

10. Plaintiff Lance Hunt is a resident of the Kenai Peninsula Borough.

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG  January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief  Page 3 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 3 of 13

11. Mr. Hunt does not identify as a religious adherent, but identifies as an atheist.

12. Before the Assembly adopted the Resolution, Mr. Hunt requested to deliver an invocation, was approved, and did so. After the Assembly adopted the Resolution, he applied to deliver an invocation and the Assembly President denied his application on the ground that he did not satisfy the requirements of the Resolution.

13. Plaintiff Iris Fontana is a resident of the Kenai Peninsula Borough.

14. Before the Assembly adopted the Resolution, Ms. Fontana requested to deliver an invocation, was approved, and did so. After the Assembly adopted the Resolution, she applied to deliver an invocation and the Assembly President denied her application on the ground that she did not satisfy the requirements of the Resolution.

15. Plaintiff Elise Boyer is a resident of the Kenai Peninsula Borough.

16. Ms. Boyer identifies as Jewish.

17. After the Assembly adopted the Resolution, she requested to deliver an invocation and the Assembly President denied her request on the ground that she did not satisfy the requirements of the Resolution.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG   January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief   Page 4 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 4 of 13

18. Defendant Kenai Peninsula Borough is a second class borough under AS 29.35.210.

## FACTS

19. Before the Assembly adopted the Resolution, the Kenai Peninsula Borough Clerk processed requests from members of the public to deliver invocations.

20. Before the Assembly adopted the Resolution, the Clerk accepted requests on a first-come, first-served basis. No requests are known to have been denied on any ground under this practice.

21. Mr. Hunt delivered an invocation on July 26, 2016. His invocation solemnized the meeting and encouraged the Assembly members to overlook differences and to employ empathy for one's neighbors. His invocation reminded the Assembly that all Kenai residents strive for love, security, and happiness.

22. Ms. Fontana delivered an invocation on August 9. Ms. Fontana read an invocation prepared by an organization called The Satanic Temple. Her invocation solemnized the meeting and encouraged the Assembly members to apply reason to their deliberations and to protect personal sovereignty.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG  January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief  Page 5 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 5 of 13

23. On October 11, the Assembly adopted the Resolution, which became immediately effective. The Resolution amended the Kenai Peninsula Borough Assembly Manual.

24. The stated intent of the Resolution is to "allow a private citizen to solemnize the proceeding of the Kenai Peninsula Borough Assembly."

25. The Resolution provides, in relevant part, that an "appointed representative" of an approved organization may deliver an invocation at the start of each Assembly meeting. The Resolution provides that a list of approved organizations will be maintained on an "Associations List" developed by the Clerk. To develop the Associations List, the Resolution directs the Clerk to post a notice on the Borough's website stating the eligibility requirements for delivering an invocation.

26. The Associations List is open to applications from the public, provided the application is submitted by:

    (1) an authorized leader

    (2) of an association

    (3) that is religious,

    (4) that has an established presence in the Borough,

    (5) and that regularly meets

    (6) for the primary purpose of sharing a religious perspective.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG      January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief      Page 6 of 13
Case 3:17-cv-00007-SLG Document 13 Filed 01/25/17 Page 6 of 13

27. Under the Resolution, questions about the "authenticity" of a religious association are to be resolved by considering the criteria used by the Internal Revenue Service to determine whether such an organization would "legitimately" qualify for IRS tax-exempt status.

28. The Resolution also provides that qualified chaplains who serve in the Borough are eligible to deliver invocations.

29. On October 21, Plaintiff Lance Hunt sent an email to the Clerk, requesting to be added to the list to deliver an invocation. The Clerk responded that the Borough would consider Mr. Hunt's application only if he filled out the application form available on the Borough's website.

30. Mr. Hunt completed the form as best he could. On November 13, he submitted the completed form with a cover email explaining why the Borough should allow him to deliver an invocation even though he does not belong to a religious organization, as required by the Resolution.

31. On November 15, Assembly President Cooper spoke with Mr. Hunt and informed him that the Resolution required her to deny his request.

32. On November 5, Iris Fontana completed the invocation request form on the Assembly's website. She listed the association to

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG    January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief    Page 7 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 7 of 13

which she belongs as "The Satanic Temple" and indicated that the association has no established presence in the Borough. She answered that the association does not meet regularly in the Borough for the primary purpose of sharing a religious perspective. She noted that the association is not approved by the IRS as an I.R.C. § 501(c)(3) tax-exempt organization, but meets all of the criteria; she explained, "TST has not sought tax-exempt status, because we believe that no church should be tax exempt."

33. On November 7, the Clerk sent Ms. Fontana an email explaining, "Based on the current policy President Cooper has denied your request."

34. On December 22, 2016, Elise Boyer completed the invocation request form on the Assembly's website. She indicated that she is Jewish and that she is not affiliated with an association that would satisfy the Resolution's requirements.

35. Later that day, the Assembly President phoned Ms. Boyer to inform her that she would have to deny Ms. Boyer's request to deliver an invocation.

36. On December 27, Ms. Boyer received an email from the Borough Clerk explaining that her request was being denied, per the

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG          January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief                  Page 8 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 8 of 13

Resolution, "because you are not affiliated with an association and do not indicate that you are a chaplain."

37. The Resolution remains in effect and continues to control which private citizens may deliver invocations before Assembly meetings.

## CLAIMS

**Count I: Establishment Clause**

38. Article I § 4 of the Alaska Constitution provides that "No law shall be made respecting an establishment of religion."

39. The Establishment Clause obliges the government to remain neutral in the face of religious differences. The Establishment Clause prohibits the government from favoring some religions over other religions, from favoring some religious practices over other religious practices, and from favoring religion over non-religion.

40. The Resolution violates the Establishment Clause of the Alaska Constitution by running afoul of the governmental obligation of neutrality and deeming only some religious associations to be worthy of providing invocations.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG  January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief  Page 9 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 9 of 13

**Count II: Freedom of Speech**

41. Article I § 5 of the Alaska Constitution provides, "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

42. The Resolution creates a limited public forum within which private citizens may speak. The government may not unreasonably restrict some people's access to a limited public forum.

43. The Resolution violates the Free Speech Clause in Article I § 5 of the Alaska Constitution by unreasonably restricting access to the limited public forum that the Kenai Peninsula Borough Assembly created in allowing members of the public to give invocations.

**Count III: Freedom of Association**

44. Freedom of speech includes the right to associate with others in exercising this right. It also includes the right not to be coerced into associating with others in order to exercise this right.

45. The Resolution forces individuals to associate with groups or other individuals in order to be eligible to give an invocation before the public meetings of the Kenai Peninsula Borough Assembly.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG  January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief  Page 10 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 10 of 13

46. The Resolution violates Article I § 5 of the Alaska Constitution by allowing only people who associate with others to practice their religion in approved ways to deliver an invocation.

**Count IV: Equal Protection**

47. Article I § 1 of the Alaska Constitution declares that "all persons are equal and entitled to equal rights, opportunities, and protection under the law."

48. The Resolution denies equal rights, opportunities, and protections to similarly situated people in the Kenai Peninsula Borough who apply to deliver an invocation and who could deliver an invocation that solemnizes the meeting, because some of those people cannot satisfy the Resolution's requirements.

### PRAYER FOR RELIEF

Plaintiffs Lance Hunt, Iris Fontana, and Elise Boyer respectfully pray that this court:

1. Declare that Resolution 2016-056 violates the Alaska Constitution;

2. Declare that Plaintiffs are the prevailing party and are constitutional public interest litigants under AS 09.60.010(c) and Alaska Civil Rule 82;

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG          January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief                Page 11 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 11 of 13

3. Award Plaintiffs their full and reasonable costs and attorneys' fees, as the law allows for public interest litigants who enforce constitutional rights;

4. Award Plaintiffs nominal damages as a result of the constitutional violations; and

5. Award Plaintiffs all other just and equitable relief to which they are entitled.

Dated: January 25, 2017

Respectfully submitted,

s/ Eric Glatt
Eric Glatt, No. 1511098
Tara A. Rich*
Joshua A. Decker, No. 1201001
ACLU OF ALASKA FOUNDATION
1057 W. Fireweed Lane, Ste. 207
Anchorage, AK 99503
Tel: (907) 258-0044

Susan Orlansky, No. 8106042
SENIOR COUNSEL, ACLU OF ALASKA FOUNDATION
c/o REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Tel: (907) 222-7100

Attorneys for Plaintiffs

* Motion to admit *pro hac vice* forthcoming.

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG          January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief          Page 12 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 12 of 13

# CERTIFICATE OF SERVICE

I certify that a copy of this document was served through the court's electronic filing system on Kevin Clarkson and Matthew Clarkson.

By: s/ Eric Glatt

ACLU OF ALASKA
FOUNDATION
1057 W Fireweed Ln
Suite 207
Anchorage, Alaska
99503
TEL: 907.258.0044
FAX: 907.258.0288

*Hunt v. Kenai Peninsula Borough,* No. 3:17-cv-00007-SLG   January 25, 2017
Amended Complaint for Declaratory and Injunctive Relief   Page 13 of 13
Case 3:17-cv-00007-SLG   Document 13   Filed 01/25/17   Page 13 of 13